The Honorable Mary E. Lupo County Court Judge Fifteenth Judicial Circuit County Courthouse West Palm Beach, Florida 33401
Dear Judge Lupo:
This is in response to your request for an opinion on the following question:
 MAY A COUNTY COURT JUDGE CARRY A CONCEALED FIREARM WITHOUT OBTAINING A LICENSE FROM THE BOARD OF COUNTY COMMISSIONERS?
Subsection (2) of s 790.01, F.S., provides:
 Whoever shall carry a concealed firearm on or about his person shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Subsection (3) of s 790.01, F.S., further provides: "Nothing in this section shall relate to persons licensed as set forth in ss. 790.05 and 790.06." Section 790.05, F.S., in pertinent part, provides that any person who carries around with him or has in his manual possession any pistol or other enumerated weapons "without having a license from the county commissioners of the respective counties of this state shall be guilty of a misdemeanor of the second degree . . . ." Section 790.06, F.S., sets forth the procedures for procuring a license to carry a concealed pistol on the person from the county commissioners of the respective counties.
A relevant exemption from the licensing and penal provisions of Ch. 790, F.S., is provided by s 790.051, F.S., which states: "Law enforcement officers are exempt from the licensing and penal provisions of this chapter when acting at any time within the scope or course of their official duties or when acting at any time in the line of or performance of duty." Thus, a determination whether a county court judge is exempt from the licensing and penal provisions of Ch. 790 depends upon whether a county court judge can be considered a "[l]aw enforcement officer" for purposes of this exemption. The term "law enforcement officer" is defined by s 790.001(8), F.S., in relevant part to include:
 (a) All officers or employees of the United States or the State of Florida, or any agency, commission, department, board, division, municipality, or subdivision thereof, who have authority to make arrests;
* * * *
(e) All peace officers[.] (e.s.)
See also, s 19, Art. V, State Const., which provides that "[a]ll judicial officers in this state shall be conservators of the peace." The question whether a county court judge as a "conservator of the peace" is also a "law enforcement officer" for purposes of s 790.051, F.S., has not been directly considered by the appellate courts of this state. In AGO 70-167, this office concluded that a circuit judge is a law enforcement officer within the purview of s 790.001(8)(a) and (e), F.S., because he or she is a state officer who has the authority to make arrests for breaches of the peace committed in his or her presence, and is a peace officer, thereby permitting him or her to carry a pistol in any county in his judicial circuit when acting at any time within the scope or course of his or her official duties or when acting at any time in the line of or performance of duty. This conclusion was based, in part, upon a consideration of judicial decisions in other states which had determined the terms "conservator of the peace" and "peace officer" to be synonymous. See, e.g., Ex parte Levy, 163 S.W.2d 529 (Ark. 1942); Jones v. State, 65 S.W. 82
(Tex.Crim.App. 1901). See also, 15A C.J.S. Conservator. Likewise, a county court judge, as a "judicial officer in this state" and a conservator of the peace pursuant to s 19 of Art. V, State Const., has the authority to make arrests for breaches of peace committed in his or her presence and therefore, it is my opinion that a county court judge is a law enforcement officer, within the meaning of s 790.051, F.S., exempt from the licensing and penal provisions of Ch. 790 when acting at any time within the scope or course of his or her official duties or when acting at any time in the line of or performance of duty. As you are aware, AGO 71-3 concluded that "judges of small claims courts may carry any kind of weapon, whether concealed or not, without obtaining a license from the county commissioners when acting at any time within the scope or course of their official duties or when acting at any time in the line of or performance of duty."
It is therefore my opinion, until judicially determined otherwise, that a county court judge as a judicial officer of this state and a conservator of the peace pursuant to s 19 of Art. V, State Const., is a peace officer or law enforcement officer within the purview of ss 790.001(8)(a) and (e) and 790.051, F.S., and is exempt from the licensing and penal provisions of Ch. 790, F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General